IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON<br>1400 Eye Street, N.W.<br>Suite 450<br>Washington, DC 20005,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, for injunctive, declaratory and other appropriate relief. Plaintiff seeks the expedited release of records concerning the investigation of former House of Representatives Majority Leader Tom DeLay concerning illegal lobbying activities by Jack Abramoff and others. Because the requested records involve a matter of substantial public interest, and there is an "urgency to inform the public" about the investigation of Mr. DeLay, plaintiff is statutorily entitled to the expedited disclosure of the records it seeks. Notwithstanding that entitlement, defendant has improperly withheld the requested records.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. DOJ is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request. The Criminal Division and the Federal Bureau of Investigation ("FBI") are components of defendant DOJ.

## DOJ's Investigation of Former House Majority Leader Tom DeLay

5. Mr. DeLay was one of the subjects of DOJ's extensive investigation into illegal lobbying activities by Jack Abramoff and others. Among other things, DOJ investigated allegations that Mr. Abramoff and several of his associates laundered money from entities with interests before Congress through non-profit organizations to pay for overseas travel by Mr. DeLay and his wife. DOJ also investigated allegations that, *inter alia*, the Alexander Strategy Group, a lobbying firm run by Mr. Abramoff's associates, employed Mrs. DeLay in an attempt to influence Mr. DeLay; Mrs. DeLay and the DeLays' daughter improperly were paid $350,000 in consulting fees and expenses paid by ARMPAC, Mr. DeLay's political action committee; and Mr. DeLay and two associates conspired to illegally launder corporate campaign contributions.

DOJ apparently concluded its investigation of Mr. DeLay in the latter part of 2010 without bringing charges against him.

### Plaintiff's FOIA Requests and Requests for Expedited Processing

6. By letters dated October 19, 2010, and delivered by facsimile to defendant DOJ's components the Criminal Division and FBI, plaintiff requested under the FOIA the following agency records (including, but not limited to, electronic records and information, audiotapes, videotapes and photographs):

> [A]ny witness statements, investigation reports, prosecution memoranda, and Federal Bureau of Investigation ("FBI") 302 reports related to [the Department's] investigation of former House Majority Leader Tom DeLay. This includes, but is not limited to, [the Department's] investigation of relationships between Mr. DeLay and Christine DeLay, Dani DeLay, Jack Abramoff, Edwin Buckham, Tony Rudy, Michael Scanlon, Susan Hirshmann, the Alexander Strategy Group, the National Center for Public Policy Research, eLottery, Inc., the U.S. Family Network, Americans for a Republican Majority PAC ("ARMPAC"), Texans for a Republican Majority PAC ("TRMPAC"), and/or the Commonwealth of the Northern Marianas Islands.

7. On information and belief, the Criminal Division and FBI received plaintiff's letters described in ¶ 6 by facsimile on October 19, 2010.

8. In its letters to the Criminal Division and FBI dated October 19, 2010, plaintiff requested expedited processing of the FOIA requests described in ¶ 6. Plaintiff's requests were in conformance with the requirements for such requests set forth in defendant DOJ's regulations. Plaintiff stated that its FOIA requests meet the criteria for expedited processing under defendant DOJ's regulations, 28 CFR § 16.5(d), because 1) they pertain to a matter about which there is an "urgency to inform the public about an actual or alleged federal government activity," and the requests are made by "a person primarily engaged in disseminating information;" and 2) they involve a matter of "widespread and exceptional media interest in which there exist[s] possible questions about the government's integrity which affect public confidence." Pursuant to

defendant DOJ's regulations, plaintiff directed its request for expedited processing on the latter ground referenced above to DOJ's Director of Public Affairs.

### Defendant's Treatment of Plaintiff's FOIA Requests

#### The Criminal Division

9. By letter to plaintiff dated October 22, 2010, the Criminal Division acknowledged receipt of plaintiff's FOIA request and asserted that plaintiff's request "appears to be broad in scope, and does not clearly identify the records which you are seeking." The Criminal Division requested "clarification regarding the investigation" plaintiff referenced in its FOIA request.

10. By letter to the Criminal Division dated October 27, 2010, plaintiff reiterated the substance of a telephone conversation between plaintiff's counsel and the agency's FOIA officer assigned to the matter. Plaintiff stated that its "request stands on its own terms as a reasonably specific request that should enable knowledgeable government employees to locate responsive records." Plaintiff further stated that, nevertheless, "in an effort to assist DOJ's processing of the request," plaintiff was willing "to accept initially, as a first step toward fulfilling the entire request, a subset of the requested records." This subset was described as follows:

> [W]itness statements, investigation reports, prosecution memoranda, and FBI 302 reports from DOJ's investigation into illegal lobbying activities in which Mr. DeLay is named or otherwise identified. This includes, but is not limited to, records directly or indirectly related to the individuals and entities specified in CREW's request. To further assist DOJ, CREW will accept responsive records from January 1, 2003 to the present.

Plaintiff reiterated that it "is not narrowing the scope of its request," but rather "is willing to accept a subset of records responsive to the request as a first step in DOJ's fulfillment of the entire request in stages."

11. By letter to plaintiff dated November 1, 2010, the Criminal Division stated that it "will conduct a search to determine what records (if any) we have that are within the scope of your request." The Criminal Division further stated that "[w]e were advised on October 29, 2010, that the [DOJ] Office of Public Affairs has granted your request for expedited processing of this matter."

12. By letter to plaintiff dated November 9, 2010, the Criminal Division stated that it "conducted a search and located records potentially responsive to your request." The Criminal Division further stated that "we are withholding these records in their entireties pursuant to Exemption 7(A) of the FOIA, 5 U.S.C. § 552(b)(7)(A) . . . ." The Criminal Division advised plaintiff of its right to submit an appeal of this determination to DOJ's Office of Information Policy ("OIP").

13. By letter to OIP dated November 23, 2010, plaintiff appealed the determination of the Criminal Division to withhold the requested records in their entireties.

14. By letter to plaintiff dated December 10, 2010, OIP acknowledged receipt of plaintiff's appeal described in ¶ 13. To date, OIP has not responded to plaintiff's appeal.

15. Defendant DOJ has failed to issue a decision on plaintiff's appeal within the statutory time limit and plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the Criminal Division.

FBI

16. By letter to plaintiff dated October 22, 2010, the FBI acknowledged receipt of plaintiff's FOIA request and indicated that without express authorization and consent of "the third party" – presumably Mr. DeLay – any release of information to plaintiff would violate the Privacy Act. The FBI further asserted that the requested records are exempt from disclosure under the FOIA on privacy grounds. The FBI advised plaintiff of its right to appeal that determination to OIP.

17. By letter to OIP dated November 9, 2010, plaintiff appealed the determination of the FBI to withhold in their entireties all records responsive to plaintiff's FOIA request.

18. By letter to plaintiff dated November 30, 2010, OIP acknowledged receipt of plaintiff's appeal described in ¶ 17. To date, OIP has not responded to plaintiff's appeal.

19. Defendant DOJ has failed to issue a decision on plaintiff's appeal within the statutory time limit and plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the FBI.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

20. Plaintiff repeats and realleges paragraphs 1-19.

21. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for rendering a decision on plaintiff's appeal of the Criminal Division's response to plaintiff's FOIA request.

22. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for rendering a decision on plaintiff's appeal of the FBI's response to plaintiff's FOIA request.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. Order defendant DOJ and its components the Criminal Division and FBI to disclose in their entireties all records responsive to plaintiff's FOIA requests submitted to the Criminal Division and the FBI on October 19, 2010, immediately;

B. Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C. Provide for expeditious proceedings in this action;

D. Award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David L. Sobel
DAVID L. SOBEL, D.C. Bar No. 360418
1818 N Street, N.W.
Suite 410
Washington, DC 20036

(202) 246-6180

ANNE L. WEISMANN, D.C. Bar No. 298190
MELANIE SLOAN, D.C. Bar No. 434584
Citizens for Responsibility and
  Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
(202) 408-5565

Counsel for Plaintiff